# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### SEATTLE DIVISION

| | |
|---|---|
| Jennifer Ridgeway<br>17824 22nd Pl. West<br>Lynnwood, WA 98037<br><br>Plaintiff,<br><br>v.<br><br>Sentry Credit, Inc.<br>c/o G&D Inc., Registered Agent<br>Pier 70 2801 Alaskan Way, #300<br>Seattle, WA 98121<br><br>Defendant. | CASE NO: CV8 1162 <br><br>JUDGE:<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

SEA19488 N/liss

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692. Venue is proper in this district because this is the judicial district where all of the events giving rise to the cause of action took place.

## FACTS COMMON TO ALL COUNTS

2. The Plaintiff is a person who incurred a consumer debt primarily for personal, family or household purposes.

3. Defendant is a corporation doing business primarily as a consumer debt collector.

4. Defendant is a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(6).

5. The Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

6. The debt in question qualifies as a "debt" as defined by 15 U.S.C. §1692a(5).

7. Defendant is either the holder of the debt or was retained by the current holder to collect the debt.



08-CV-01162-CMP

8. Plaintiff filed this claim within the timeframe permitted under the FDCPA.

9. In or around December 2007, Defendant telephoned Plaintiff at Plaintiff's place of employment ("POE") in an effort to collect the debt.

10. During this communication, Plaintiff notified Defendant that Plaintiff could not speak to Defendant while Plaintiff was at POE, indicating that Defendant's calls to POE were inconvenient for Plaintiff.

11. Despite this notice, Defendant telephoned Plaintiff at POE on several occasions in December 2007.

12. During one of these communications, Defendant threatened to garnish Plaintiff's wages.

13. During this communication, Defendant belittled Plaintiff and stated that everyone at POE would know that Plaintiff did not pay her bills unless Plaintiff satisfied the debt.

14. Despite Plaintiff's notice, Defendant telephoned Plaintiff at POE on or around February 29, 2008.

15. During this communication, Plaintiff reiterated that Plaintiff could not speak to Defendant while Plaintiff was at POE.

16. During this communication, Defendant misrepresented that Defendant had the right to continue to telephone Plaintiff at POE despite Plaintiff's notice.

17. During this communication, Defendant threatened to begin garnishing Plaintiff's wages that day unless the debt was paid in full.

18. During this communication, Defendant misrepresented that Defendant could garnish Plaintiff's wages without filing a lawsuit against Plaintiff.

19. At the time of the communication referenced above, Defendant had not obtained a judgment against Plaintiff and could not garnish Plaintiff's wages.

20. As a result of Defendant's numerous phone calls to POE, Plaintiff's Boss reprimanded Plaintiff for receiving too many personal phone calls.

21. Defendant damaged Plaintiff emotionally and mentally and has caused substantial anxiety and stress.

22. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

23. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

24. The Defendant violated 15 U.S.C. §1692c by calling Plaintiff at work after it was informed that Plaintiff did not want to receive and was not permitted to receive personal phone calls at work.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

25. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

26. The Defendant violated 15 U.S.C. §1692d in that defendant used obscene and/or abusive language during its communications in furtherance of debt collection.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

27. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

28. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect a debt.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

29. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

30. The Defendant violated 15 U.S.C. §1692e in that it threatened legal action where such action was not contemplated, and stated for the sole purpose of terrifying the Plaintiff.

## COUNT FIVE

### Violation of the Fair Debt Collection Practices Act

31. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

32. The Defendant violated 15 U.S.C. §1692e by making misrepresentations during its conversations with Plaintiff.

## COUNT SIX

### Violation of the Fair Debt Collection Practices Act

33. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

34. The Defendant violated 15 U.S.C. §1692c by calling Plaintiff at a time and/or place known to be inconvenient for Plaintiff.

## JURY DEMAND

35. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

36. Plaintiff prays for the following relief:

   a. Judgment against Defendant for actual damages, statutory damages pursuant to 15 U.S.C. §1692k and costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

   b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Legal Helpers, P.C.

By: _____
Lawrence S. Lofgren
Bar # 34358
600 Stewart St, Ste 724
Seattle, WA 98101
Telephone: 206-770-0444
Email: llo@legalhelpers.com
Attorneys for Plaintiff